DECISION
Plaintiff Peter J. Rotelli (Rotelli) and defendant Robert S. Catanzaro (Catanzaro) were partners in a venture called Greenwich Properties Limited Partnership (Partnership) which was sold to Diversified Historic Investors (Diversified). The sales agreement provided for payment of one-half the purchase price in cash and a mortgage would be executed by Diversified for the remainder.
Subsequent thereto, Rotelli and Catanzaro executed an agreement providing for the disbursement of partnership proceeds. The agreement provided that Catanzaro would receive the mortgage payments from Diversified and Rotelli would receive $100,000 pursuant to the terms of a promissory note executed by Catanzaro. The $100,000 represented the balance due to Rotelli under the Partnership Agreement.
The disbursement agreement executed on December 31, 1984 provided:
 "ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, evidenced by a Promissory Note in the form attached as Exhibit `A' hereto shall be paid out of the proceeds paid to [defendant] in accordance with the terms of a Mortgage Note substantially in the form attached as Exhibit `A' to said Promissory Note and made a part hereof, within seven (7) business days after [defendant] has been fully paid pursuant to said Mortgage Note, estimated to be on or before January 1, 1992."
To carry out the provisions of the disbursement agreement, defendant Catanzaro on December 31, 1984, executed the promissory note alluded to which provided in pertinent part:
 "Payment of said principal amount in full shall be due and payable on January 1, 1992, or, if sooner in accordance with an Agreement of Sale for the sale of the Greenwich Properties Limited Partnership, effective as of December 17, 1984, within seven (7) business days after payment in full has been received by [defendant] under a certain Mortgage Note of even date herewith furnished pursuant to said Agreement of Sale, a copy of which said Mortgage Note is attached hereto and incorporated herein as exhibit `A1.'"
Diversified defaulted on the mortgage and plaintiff Rotelli sued defendant Catanzaro for failure to pay on the promissory note. Catanzaro defended alleging that his payment on the note was preconditioned on his being paid by Diversified on its mortgage.
Plaintiff Rotelli moved for summary judgment which was granted by the hearing justice and Catanzaro appealed to the Supreme Court. The Supreme Court reversed the hearing justice and remanded the case for trial citing the inconsistencies between the disbursement agreement and the promissory note which created an ambiguity to be resolved only by parol evidence.
It is plaintiff Rotelli's continued position that the promissory note constitutes an unconditional promise to pay by defendant Catanzaro who in turn alleges that his promise to pay is conditional upon his receiving payment from Diversified.
During a bench trial it was established that Rotelli and Richard Tasca (Tasca), (Catanzaro's nephew), were law partners who represented Catanzaro from time to time. This relationship provided Tasca with an opportunity to observe Catanzaro's business practices over a number of years. Tasca negotiated on behalf of Rotelli in the drafting of the two documents in question while Carl Fernandes, an attorney, negotiated on behalf of Catanzaro. It is clear that Rotelli did not negotiate directly with Catanzaro.
Tasca testified as to Catanzaro's normal business practice of first having funds coming in before making payments. This practice is exemplified by the terms of the disbursement agreement wherein full payment by Diversified on the mortgage would prompt payment on the note.
Tasca also testified that early drafts of the final agreement could shed light upon its intent supporting the position of Rotelli, however, they could not be located even though at one time they were in Rotelli's possession. Although Tasca felt that the promissory note superseded the disbursement agreement, such was not clear from the language of either document and there was no supersession clause in either document.
When plaintiff Rotelli testified, he also admitted that preliminary drafts of the documents would have been helpful in determining the intent of the parties but, nonetheless, maintained that during negotiations the promise to pay on the note was unconditional.
Defendant Catanzaro in his testimony countered Rotelli's understanding, stating that the two documents were intended to be read together, outlining his policy that payments must be received before money was disbursed.
The Court finds that both parties were represented by competent counsel who engaged in the usual give and take negotiations on behalf of their respective clients.
Neither side had an unfair advantage in the negotiations and therefore Rotelli's argument that any ambiguities ought to be construed against the drafter is rejected. His contention that Fernandes had the authority, as Catanzaro's attorney, to somehow bind the latter to a conditional note is also rejected as not being consistent with Catanzaro's business experience and the fact that he had significant capital invested in the project.
The Court finds that the disbursement agreement clearly outlines as the condition precedent, the payment to Catanzaro in full before requiring subsequent payment to Rotelli on the promissory note. Such a finding is in accord with Catanzaro's business practices as testified to by him and Tasca, Rotelli's attorney. The Court therefore finds that the parties intended that the note be conditional in nature.
Since Catanzaro never received payment from Diversified pursuant to the mortgage note, his obligation to pay Rotelli never materialized because the condition precedent required by the disbursement agreement did not occur.
For the above reasons, plaintiff Rotelli's claim on the promissory note fails and judgment shall enter for defendant Catanzaro.
The Court denies defendant Catanzaro's claim for attorney's fees in that the Court finds that plaintiff Rotelli advanced in his complaint a justiciable issue of fact meriting consideration of his claim. UXB Sand Gravel, Inc. v. Rosenfeld ConcreteCorp., 641 A.2d 75 (R.I. 1994).
Counsel shall submit for entry a judgment in accordance with this decision.